UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NUMBER:  3:10-CR-00153 RLM |
| | ) | |
| ZACHARY MARTIN | ) | |

**PETITION TO ENTER A PLEA OF GUILTY**

The defendant above named respectfully represents to the Court as follows:

1.      My full true name is Zachary Martin and I request that all proceedings against me be had in the name which I here declare to be my true name.

2.       I have attended school and I have the ability to read, write, and speak the English language.

3.      I am represented by counsel and my lawyer's name is Andre Gammage.

4.      I have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5.      I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters.  My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6.      I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7.      I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a)      the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

(b)      the right to be released on reasonable bail until my trial occurs;

(c)      the right to see, hear, and cross-examine all the witnesses against me at my trial;

(d)      the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e)      the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f)      the right not to testify without prejudice; and,

(g)      that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8.      I understand, also, that if I plead GUILTY, I waive the right to trial by jury and all of the other rights mentioned above.

9.      Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

(a)     I agree to plead guilty to Count 1 of the Indictment that charges me with knowingly and intentionally conspiring to manufacture a mixture or substance that contained Methamphetamine, a Schedule II controlled substance, a violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2.  I am pleading guilty to this Count because I am guilty of the offense;

(b)     I agree with the following facts:

Between  January 12, 2010, and April 7, 2010, in St. Joseph County, Indiana, numerous individuals I knew purchased Pseudoephedrine at local stores.  These people then delivered it to me and others working together.  We then used the Pseudoephedrine to manufacture Methamphetamine.  The Methamphetamine was for sale.  When  law enforcement in this investigation searched my home in South Bend, I had the elements of a Methamphetamine lab in the home.  I do not dispute that Methamphetamine is a controlled substance;

(c)     I further understand that the maximum possible penalty for a violation of Title 21, United States Code, Sections 841(a)(1) and 846, is up to 20 years imprisonment and/or a $1,000,000 fine, a period of supervised release of at least three (3) years, and a mandatory $100 special assessment due at the time of sentencing;

(d)     I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines.  I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines;

(e)     I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement;

**I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255**;

(f)     I also agree to prepare a complete and truthful Financial Statement provided by the United States Attorney's Office and return the Statement to the United States Attorney's Office on the date this Plea is entered.  This Financial Statement will be used to enforce the Court's sentence;

(g)     The parties make the following recommendations:

(i)     The government agrees to recommend a two (2) level reduction for acceptance of responsibility pursuant to § 3 El.1(a).  The government further agrees to make a motion under § 3E1.1(b) for an additional one (1) level reduction for acceptance of responsibility in the event defendant's applicable offense level is found to be a Level 16 or greater.  I understand that the government's obligation to recommend acceptance of responsibility pursuant to this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility.  Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct such as the personal use of controlled substances, I further understand that the government shall not be bound to recommend the reduction based upon acceptance of responsibility;

(ii)    The government agrees to make a recommendation for a sentence at the lower end of the guideline range determined to be appropriate in this matter.

4

(h)     I further understand that the Court is not bound by any of these recommendations and that **I AM NOT ENTITLED TO WITHDRAW THIS GUILTY PLEA** if the Court decides not to accept these recommendations;

(i)     The Defendant agrees to waive all rights, whether asserted directly or through a representative, to request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter.  This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, the Defendant acknowledges that he has received all discovery required by law prior to the entry of this Plea and that he has reviewed the same with his attorney;

(j)     Other than what is contained in this Plea Agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed;

(k)     As part of this agreement, I agree to cooperate fully, truthfully, and candidly with the United States Attorney or his designated representatives as to my knowledge of or involvement in, any violation of federal or state law; I understand that the nature of my cooperation herein shall be defined by the United States Attorney; this cooperation may include, but not be limited to, my agreement, if requested to do so, to discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney including designated law enforcement agencies, and to testify truthfully and completely before any grand jury, and at any hearings, trials, or other judicial proceedings;

(l)     The United States Attorney further agrees that I will not be prosecuted further by the United States Attorney's Office for the Northern District of Indiana for any violation of federal criminal law occurring in the Northern District of Indiana, the circumstances of which I disclose as part of my cooperation agreement; however, I understand that this agreement does not protect me in any way for committing perjury or giving false statements, nor for testifying falsely in any grand jury or judicial proceedings;

(m)     I understand that at the time of sentencing, the United States Attorney will advise the Court of the nature, extent and value of my cooperation;

5

(n)     The United States Attorney and I agree that self-incriminating information I provide as part of my cooperation agreement will not be used in determining the sentencing guideline range applicable to me; I understand this agreement does not apply to information known to the government prior to my entering into my cooperation agreement, information regarding my prior record, a prosecution for perjury or giving a false statement, determining whether or to what extent a downward departure from the guidelines pursuant to a government motion is warranted, or in the event of a breach of my cooperation agreement;

(o)     The United States Attorney further agrees to recommend to state authorities that I not be prosecuted for any state statutes I may have violated; in this regard, however, I understand that the United States Attorney cannot bind any state authority;

(p)     As part of this agreement, I understand that the United States Attorney may seek to defer my sentencing until such time as my cooperation is complete; and

(q)     Provided I fulfill the terms of this agreement, and do not perform any act or engage in conduct that is inconsistent with my agreement to cooperate or with my acceptance of responsibility for my conduct, the government agrees to file a recommendation of a downward departure from the sentencing guideline range at sentencing; I understand that the decision regarding whether to grant a departure, or the extent of any departure lies within the discretion of the Court, and that this agreement does not constitute a promise that the judge will grant a departure, or that the judge will impose any particular sentence.

10.     I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11.     I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

6

12.     I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this Petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this Petition.

13.     I understand and acknowledge that this Petition, once filed with the Court, is a public document and available for public viewing.


s/Zachary Martin
Zachary Martin
Defendant


s/Andre Gammage
Andre Gammage
Attorney for Defendant


APPROVED:

DAVID CAPP
UNITED STATES ATTORNEY


By:     s/Frank E. Schaffer
Frank E. Schaffer
Assistant United States Attorney